## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIONDREY HARDWICT** | : | **CIVIL ACTION NO. 2:14-cv-879** |
| **FED. REG. # 24136-044** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for a writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Diondrey Hardwict (hereinafter "Hardwict"). Hardwict is in the custody of the Federal Bureau of Prisons (hereinafter "BOP") and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO"). However, his petition concerns events that occurred while he was incarcerated at the United States Penitentiary in Marion, Illinois (hereinafter "USPM").[1] Hardwict names Warden C. Maiorana as his respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Hardwict was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

**I.**

*Background*

On November 3, 2010, officers at USPM were distributing boxed lunches to the inmates via food slots.  Hardwict began to yell at one of the guards and throw food items and trash from the food slot.  Hardwict was removed from the unit and brought to the special housing unit (hereinafter "SHU").  Doc. 1, att. 1, p. 3.  Hardwict was charged with engaging conduct which disrupts and participating in a group demonstration. He was also charged with insolence and being unsanitary.  Doc. 1, att. 1, p. 2.  As a result of the foregoing Hardwict alleges that he was erroneously deprived of good-time credits.

The charged offenses were referred to the Disciplinary Hearing Officer (hereinafter "DHO").  On June 9, 2011, a re-hearing was held before the DHO[2] who found that Hardwict did commit the prohibited acts.  *Id.*  Among the penalties he received was a loss of twenty-seven days of good time credit.  Doc. 1, att. 2, p. 4.  Hardwict appealed the DHO's findings and it appears that appeals were denied at every level. Doc. 1, att. 1, pp. 4-11.

Hardwict filed this suit alleging that this deprivation of good time credit was in error.  He asserts that there was a lack of evidence to support a finding of guilt.  Doc. 1, p. 4.  He contends that the disciplinary report was based on false pretenses and was re-written several times in order to add additional charges.  *Id.*  Further, Hardwict  argues that a review of video shows that the officer walked by his cell and did not see him throw any trash.  *Id.*

As relief for the above, Hardwict seeks restoration of his good time credit and expungement of the charges from his record.  Doc. 1, att. 1, p. 7.

---

[2] The first hearing was held on January 13, 2011.  Hardwict appealed the DHO's findings from that hearing and was granted a re-hearing.  Doc. 1, att. 1, p. 23.

## II.
### Law and Analysis

Hardwict seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless–[h]e is in custody in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C. §2241(c)(3).   Here, Hardwict claims that he was deprived of good-time credits without proper evidence to support the disciplinary charge. Federal prisoners have liberty interests in their accumulated good-time credit. See *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).   Therefore because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) a requirement that upon review, "some evidence" support the ruling. *Hill,* 472 U.S. at 454; *Wolff,* 418 U.S. at 556.

Courts will not review a disciplinary hearing officer's factual findings *de novo.* Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill,* 472 U.S. at 454–55.  *Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied,* 476 U.S. 1117 (1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 252 F.3d 534, 537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–537. In this case the disciplinary hearing officer considered the following: (1) the statement from the reporting officer; (2) the statement from information technologist specialist, G. Johns, dated December 8, 2010; (3) supporting memorandum from case manager E. Murphy; (4) Hardwict's denial of the charges; and, (5) written inmate statements. Doc. 1, att. 1, p. 17.

Based on a review of the above information, the hearing officer found Hardwict guilty of the charged offense. In this matter, the DHO relied on a wide range of investigations, reports, and statements. As such, there is no question that at least "some evidence" supported the DHO's finding of guilt. Accordingly, Hardwict has failed to show that a constitutional violation occurred, and his claims should be denied.

### *III.*
### *Conclusion*

For reasons stated,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 11th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE